IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 4:11cr65/RH/CAS
     4:14cv160/RH/CAS

ANTWAN SANTEZ BULLARD

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docs. 37, 38).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant pleaded guilty to two counts of distribution of crack cocaine (docs. 20–22).  On May 2, 2012, he was sentenced as a career offender to a term of 188 months imprisonment (*see* docs. 28, 32, 33).  Nothing further was filed until Defendant

filed the instant motion to vacate pursuant to the prison mailbox rule[1] on March 17, 2014 (doc. 37 at 13).  Defendant raises a single ground for relief in his motion.  He contends that he is actually innocent of the career offender enhancement because his state conviction for "felony battery by strangulation" does not qualify as a violent felony under the career offender statute (*id.* at 4).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Defendant's judgment of conviction is dated May 4, 2012 (doc. 32). Because he did not appeal, his conviction became final when the time for doing so expired, fourteen days later on May 4, 2012.  The instant motion was not filed until March 17, 2014.  Defendant claims that under the Eleventh Circuit's decision in Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013), his untimely filing should be excused. Bryant held in part that the "savings clause" may permit federal prisoners to bring

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing).

Case Nos.: 4:11cr65/RH/CAS; 4:14cv160/RH/CAS

"actual innocence" claims under § 2241.  The Bryant court considered the claim of a defendant whose prior state conviction for a concealed-firearm offense had been used to enhance his sentence.  The Bryant defendant's attempts to challenge consideration of this prior offense as a violent felony had previously been foreclosed by circuit precedent, and thus he was permitted to proceed under § 2241.  The conviction that Defendant Bullard seeks to challenge is felony battery by strangulation.  Defendant has cited no authority suggesting that circuit precedent no longer precludes consideration of this offense as a violent felony, and thus Bryant is factually inapplicable to Defendant's case.  Thus, Defendant's motion is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred.  Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)).   Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances."  Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286).  The onus is on the

moving defendant to show that he is entitled to this extraordinary relief.  Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights.  United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).  There is nothing in the instant motion to suggest that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling.  Thus his motion should be denied as untimely.[2]

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may

---

[2]Furthermore, the court notes that even if Defendant's motion were not untimely, the lone ground for relief he raises is without merit.  The facts underlying Defendant's conviction for "felony battery by strangulation" are set forth in Defendant's  Presentence Investigation Report (doc. 28, ¶ 44), and his claim that this offense is not a violent offense for the purpose of the career offender enhancement is factually and legally unsupported.

Case Nos.: 4:11cr65/RH/CAS; 4:14cv160/RH/CAS

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 45) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 1st day of April 2014.


      s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).