IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA

v.  CASE NO. 4:11cr65-RH/CAS
    4:14cv160-RH/CAS

ANTWAN SANTEZ BULLARD,

    Defendant.

_____/


## ORDER DENYING THE § 2255 MOTION

By motion under 28 U.S.C. § 2255, the defendant Antwan Santez Bullard seeks relief from a sentence that was imposed based on his classification as a career offender under the United States Sentencing Guidelines. This order denies relief on the grounds that Mr. Bullard's motion is both untimely and substantively unfounded.

I

Mr. Bullard pleaded guilty to two counts of distributing crack cocaine. Under Guidelines Manual § 4B1.1, a career offender is a defendant who meets specific criteria and has at least two qualifying prior convictions of either a crime of violence or controlled substance offense. Mr. Bullard had prior Florida state-

court convictions for possessing cocaine with intent to sell or deliver—plainly a qualifying predicate offense—and, as described in the presentence report, "felony battery by strangulation." Presentence Report, ECF No. 28, at ¶ 44.

Without objection, each of these convictions was treated as a proper career-offender predicate. Mr. Bullard's guideline range was calculated under the career-offender guideline. He was sentenced to the low end of the range. The sentence was imposed on May 2, 2012, and confirmed by a written judgment entered on May 4, 2012.

Mr. Bullard did not appeal. He now seeks relief under § 2255. Mr. Bullard signed and presumably mailed the motion to the clerk of court on March 17, 2014, making that the filing date.

II

The § 2255 motion is before the court on the magistrate judge's report and recommendation, ECF No. 39. No objections have been filed.

The report and recommendation concludes that Mr. Bullard filed the motion after expiration of the one-year limitations period. That is correct. One any view, the motion is untimely.

Mr. Bullard's motion is also unfounded on the merits. In *Johnson v. United States*, 559 U.S. 133 (2010), the Supreme Court held that simple battery under Florida Statutes § 784.03 is not a "violent felony" under the Armed Career

Case No. 4:11cr65-RH/CAS and 4:14cv160-RH/CAS

Criminal Act, 18 U.S.C. § 924(e). This is so because a violent felony requires "physical force," interpreted to mean "force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. Florida's simple battery statute requires only minimal offensive contact that need not rise to the level of "force capable of causing physical pain or injury to another person."

*Johnson* dealt with a "violent felony" under the Armed Career Criminal Act, but the Eleventh Circuit has applied *Johnson* to the nearly identical term "crime of violence" under the career-offender provisions of the Sentencing Guidelines. *See United States v. Williams*, 609 F.3d 1168, 1169-70 (11th Cir. 2010); *see also United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) ("Considering whether a crime is a 'violent felony' under the ACCA is similar to considering whether a conviction qualifies as a 'crime of violence' " under United States Sentencing Guidelines § 4B1.2(a)).

The difficulty for Mr. Bullard is that he was not convicted of simple battery. The presentence report says Mr. Bullard was convicted of "felony battery by strangulation." Florida law does not include an offense of "felony battery by strangulation." Instead, Florida law includes an offense of "felony battery" and a separate offense of "domestic battery by strangulation." The two offenses are set out in different subsections of the same statute. *See* Fla. Stat. § 784.041(1) (felony battery); *id*. § 784.041(2) (domestic battery by strangulation). Each is a felony.

It is likely that the presentence report, and perhaps also the Florida judgment on which it reported, imprecisely referred to the felony offense of domestic battery by strangulation as "felony battery by strangulation." In any event, it is clear that Mr. Bullard was convicted of either felony battery, in violation of § 784.041(1), or domestic battery by strangulation, in violation of § 784.041(2). Mr. Bullard does not assert the contrary. Each of those offenses is a crime of violence.

In *United States v. Eugene*, 423 F. App'x 908, 911 (11th Cir. 2011), the Eleventh Circuit squarely held that felony battery in violation of § 784.041(1) is a crime of violence. The court said the statute requires the defendant to have " 'cause[d] great bodily harm, permanent disability, or permanent disfigurement.' " *Eugene*, 423 F. App'x at 911 (quoting the statute). The court continued, "That language means that each touching that violates the felony battery statute is not only capable of causing physical pain or injury to another person, it must also actually cause great or permanent physical harm or injury to another person." *Id*. (citation and quotation omitted). The court concluded, "Thus, it is impossible for one to be convicted of felony battery in Florida without having used 'physical force' as defined in *Johnson*." *Id*.

Similarly, domestic battery by strangulation in violation of § 784.041(2) occurs when the defendant "knowingly and intentionally, against the will of another, impedes the normal breathing or circulation of the blood of a family or

household member or of a person with whom he or she is in a dating relationship, so as to create a risk of or cause great bodily harm by applying pressure on the throat or neck of the other person or by blocking the nose or mouth of the other person." The statute thus requires intentional conduct that causes, or at least creates a risk of, great bodily harm. This is a crime of violence.

III

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural

grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability.

## IV

Mr. Bullard's § 2255 motion is untimely and substantively unfounded. Accordingly,

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's further opinion.

2. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

3. The defendant's application for a certificate of appealability is DENIED.

SO ORDERED on September 18, 2014.

s/Robert L. Hinkle<br>
United States District Judge